

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

March 7, 1950

Hon. V. C. Marshall, Executive Director
State Soil Conservation Board
Denman Building
Temple, Texas

Opinion No. V-1015

Re: Availability of Item 17 of
the Current Appropriation
to the State Soil Conserva-
tion Board for the payment
of per diem and mileage of
delegates attending a spec-
ial District Conservation
Convention.

Dear Sir:

Reference is made to your recent request for
an opinion on the above captioned subject. Your ques-
tion reads as follows:

"Is it permissible to pay the mileage
and per diem of delegates to a district con-
vention on the occasion of a special elec-
tion to fill a vacancy on the State Board,
as is provided in H.B. 444, Section 4, B and
C, out of a fund of $6,000 made available to
the State Soil Conservation Board for heat,
light, water, contingent, office equipment,
furniture, stationery, printing, telephone,
telegraph, postage, express, publications
and notices of public hearings?"

The "State Soil Conservation Law" (H.B. 444,
Acts, 47th Leg., 1941, ch. 308, p. 291, Art. 165a-4,
V.C.S.) divides the State into five "State Districts,"
for the sole purpose of electing one of the five members
of the State Soil Conservation Board from each State Dis-
trict. The full term of office of a member of the Board
is five years, and the term of office of only one member
expires each year.

When the term of office of a member of the Board expires, or a vacancy occurs in his office by death, resignation, or otherwise, the Board calls a "District Conservation Convention" to be held at a certain time and place for the purpose of electing a successor to the retiring member. Notice is given by the Board to the County Judge of each county in the State District and a delegate to the Convention is selected in each county in the manner prescribed by the State Soil Conservation Law. The Convention elects a new member of the Board for either a full term of five years, or, as in this instance, to serve the unexpired term of a member whose office has become vacant.

The State Soil Conservation Law provides that a delegate attending the Convention "shall receive Five (5) Cents per mile for travel each way between the County Seat of his county and the place where the District Convention is held, and Four ($4) Dollars per day, not to exceed two (2) days, to be paid by the State Soil Conservation Board."

Items 1, 2 and 3 of the appropriations made to the State Soil Conservation Board for each year of the current biennium (H.B. 322, Acts 51st Leg., 1949, ch. 615, p. 1333), read respectively as follows:

Election of Board Members

Item 1.    "Per diem of Delegates........ $  400.00"
Item 2.    "Mileage of Delegates......... $  600.00"

Maintenance and Miscellaneous

Item 17.  "Heat, light, Water, Contingent, Office Equipment, Furniture, Stationery, Printing, Telephone, Telegraph, Postage, Express, Publications and Notices of Public Hearings...................$6,000.00"

The pertinent provisions of paragraph (b), Section 15 (General Provisions) of H.B. 322 are:

"The appropriations herein provided are to be construed as the maximum sums to be appropriated to and for the several purposes named herein, and the amounts are intended to

cover, and shall cover the entire costs of
the respective items and the same shall not
be supplemented from any source. . . and no
other expenditure shall be made, nor shall
any other obligation be incurred by any de-
partment of this State, . . ."

Questions very similar to your question have
been answered in former opinions of this office.  These
opinions uniformly hold that where a sum is provided in
an appropriation bill for a particular item of expense,
that sum is all that the Legislature intended to be
available for the item of expense, and may not be sup-
plemented from any source, unless the appropriation bill
specifically so provides.  A. G. Opinions Nos. O-1332,
O-5899.

Item 1 is an appropriation to pay per diem of
delegates to District Conservation Conventions and Item
2 is an appropriation to pay mileage of such delegates.
These appropriations are not limited to the payment of
per diem and mileage of delegates attending the regular
annual conventions held for the purpose of electing a mem-
ber of the Board for a full term of office, but are to pay
such per diem and mileage of delegates attending any such
convention, regular or special.

There is no provision in H.B. 322 specifically
authorizing the State Soil Conservation Board to pay per
diem and mileage of delegates attending a District Con-
servation Convention out of the appropriation for contin-
gent and other purposes contained in Item 17.  Therefore,
the apprdprition contained in Item 17 is not available
for the payment of  such per diem and mileage.

## SUMMARY

The per diem and mileage of delegates
attending a special District Conservation
Convention cannot be paid out of the appro-
priation contained in Item 17 of the current
appropriations to the State Soil Conserva-
tion Board.  Acts 51st Leg., 1949, ch. 615,
p. 1333; A. G. Opinions Nos. O-1332, O-5899.
Such payments may be made only from the

specifically itemized appropriations for
that purpose, being item 1.   "Per diem of
delegates" and item 2. "mileage of dele-
gates."

                                    Very truly yours,

                                    PRICE DANIEL
APPROVED:                           Attorney General

C. K. Richards
Trial & Appellate Division          *Bruce W. Bryant*

                                    By
Charles D. Mathews                       Bruce W. Bryant
Executive Assistant                         Assistant

BWB:wb